NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 27 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

XIOMARA ISABEL HURTADO-PALACIOS; MADIGAN NICOL AMAYA-HURTADO; DOUGLAS BLADIMIR AMAYA-HURTADO, AKA Douglas Bladimir Hurtado-Palacios,

Petitioners,

v.

MERRICK B. GARLAND, Attorney General,

Respondent.

No.    18-71541

Agency Nos.    A208-273-740
                        A208-273-741
                        A208-273-742

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 21, 2023[**]

Before:  OWENS, LEE, and BUMATAY, Circuit Judges.

Xiomara Isabel Hurtado-Palacios and her two minor children are natives and

citizens of El Salvador.  They petition for review of the Board of Immigration

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

Appeals' (BIA) decision denying their application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

The petitioners also challenge the agency's adverse credibility finding, but we need not decide this issue. Substantial evidence supports the BIA's conclusion that, assuming credibility, the petitioners failed to establish eligibility for asylum, withholding of removal, or CAT protection.

1. Substantial evidence supports the BIA's conclusion that the petitioners failed to establish their entitlement to asylum and withholding of removal. Palacios asserts that she is a member of the particular social group composed of "individuals who have taken concrete steps to oppose gang membership and gang authority." *See Pirir-Boc v. Holder*, 750 F.3d 1077, 1084–85 (9th Cir. 2014). But the record does not compel the conclusion that Palacios defied the demands made of her by gang members, and she thus fails to demonstrate that the BIA erred when it concluded that she did not belong to this particular social group. *See Parada v. Sessions*, 902 F.3d 901, 908–09 (9th Cir. 2018).

Nor did the BIA err in determining that Palacios and her children were not persecuted and do not have a well-founded fear of future persecution on account of their family relationship to Palacios's aunt. The petitioners admit that gang members did not specifically target Palacios's aunt; rather, the gang members

2

targeted all similarly situated shopkeepers. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). And Palacios's aunt still lives in El Salvador and has not been harmed by gangs. *See Sinha v. Holder*, 564 F.3d 1015, 1022 (9th Cir. 2015) ("We have . . . held that a petitioner's fear of future persecution is weakened, even undercut, when similarly-situated family members living in the petitioner's home country are not harmed." (quotation marks and citation omitted)).

2. Substantial evidence supports the BIA's conclusion that the petitioners failed to establish their entitlement to CAT protection. To support their CAT claims, the petitioners reassert the same arguments that they raised in support of asylum and withholding of removal. But even assuming that the petitioners would experience severe pain or suffering upon their return to El Salvador, they provide minimal evidence to support the conclusion that such pain and suffering would be inflicted by, or with the acquiescence of, the Salvadoran government. 8 C.F.R. § 1208.16(c)(2). A reasonable factfinder thus would not be compelled to find the petitioners eligible for CAT protection.

**DENIED.**

3